UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x   Civil Action No.:
MARILYN PEREZ,

                               Plaintiff,        **COMPLAINT**

       -against-

THE CITY OF NEW YORK, THE NEW YORK CITY        **JURY TRIAL**
POLICE DEPARTMENT, and DEPUTY INSPECTOR    **DEMANDED**
KEITH WALTON,
                            Defendants.
-----------------------------------------------------------------------x

       Plaintiff, MARILYN PEREZ, by and through her attorneys, SALENGER, SACK, KIMMEL &

BAVARO, LLP, state as follows:

**PARTIES**

    1.    At all times hereinafter mentioned, plaintiff MARILYN PEREZ ("Perez" or "Plaintiff") is a

female and a resident of the County of Bronx, State of New York.

    2.    At all times hereinafter mentioned, defendant THE NEW YORK CITY POLICE

DEPARTMENT ("NYPD") is a municipal corporation with its principal place of business in New York

County, New York, duly organized and existing under and by virtue of the laws of the State of New York.

    3.    At all times hereinafter mentioned, defendant THE CITY OF NEW YORK ("CITY") is a

municipal corporation with its principal place of business in New York County, New York, duly organized

and existing under and by virtue of the laws of the State of New York.

    4.    Upon information and belief, defendant CITY exercises authority and control over all functions

of defendant NYPD.

    5.    At all times herein relevant, plaintiff was an employee of defendants NYPD and CITY as an

NYPD police officer.

6.     At all relevant times herein, plaintiff was assigned to the 49th Precinct located at 2121 Eastchester Road, Bronx, New York 10461.

7.     At all relevant times herein, defendant DEPUTY INSPECTOR KEITH WALTON ("Walton") was employed by the NYPD and CITY as an NYPD Deputy Inspector.

8.     At all relevant times herein, defendant Walton was assigned to the 49th Precinct located at 2121 Eastchester Road, Bronx, New York 10461.

## NATURE OF ACTION

9.     During the course of Perez's employment with the NYPD and CITY, defendants unlawfully discriminated against her based upon sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), the New York State Human Rights Law, New York Executive Law § 290 et seq. ("NYSHRL"), and the New York City Human Rights Law, New York City Administrative Code § 8-107 et seq. ("NYCHRL").  Additionally, plaintiff brings causes of action for violations of her civil rights, pursuant to 42 U.S.C. § 1983, the United States Constitution, and the New York State Constitution and common law.

10.     Notably, on or about November 6, 2016, defendant Walton, who was the commanding officer of the 49th Precinct, instructed Perez, a police officer at the precinct, to come to his office, at which time Walton sexually assaulted, battered, and falsely imprisoned Perez, and intentionally and negligently inflicted emotional distress upon her.

11.     Specifically, on the above mentioned date, Walton forcefully pulled Perez's hair; attempted to kiss her on the mouth; forcefully grabbed, pushed, shoved and pulled her body; placed his hands on her vagina through clothing multiple times; forcibly placed her hand on his erect penis through clothing; and touched and violated her body without her consent.  Prior and subsequent to this incident, Walton sent

improper electronic messages to Perez designed to intimidate, harass, embarrass, coerce, annoy and emotionally distress her.

12.     Walton committed these acts within the scope of his employment with the CITY and NYPD.

## JURISDICTION

13.     This Court has subject matter jurisdiction over plaintiff's Title VII claim pursuant to 28 U.S.C. § 1331 and 1343(a)(4).

14.     Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over plaintiff's NYSHRL and NYCHRL claims because these claims closely relate to the Title VII claim, having arisen from a common nucleus of operative facts, such that all claims form part of the same case or controversy.

15.     On August 29, 2017, plaintiff timely filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC") concerning the sexual harassment perpetrated upon plaintiff during her employment with the NYPD and CITY.

16.     On or about July 23, 2018, plaintiff's counsel received a Notice of Right to Sue Within 90 Days, dated July 19, 2018, from the U.S. Department of Justice Civil Rights Division regarding the filed charge with the EEOC.  As such, the filing of this Complaint is timely.

17.     Pursuant to Section 8-502(c) of the NYCHRL, plaintiff has caused to be served a copy of the Complaint on the City of New York Commission on Human Rights and the Corporation Counsel of the City of New York.

## VENUE

18.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) and 42 U.S.C. § 2000e-5(f)(3) because the discriminatory conduct giving rise to the claim occurred within the territorial limits of the District.

## JURY DEMAND

19. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38(b).

## FACTUAL ALLEGATIONS

### Background

20.     Perez began her employment with the NYPD and CITY when she entered the police academy in July 2012.

21.     Following academy graduation, and approximately nine months of impact training in the 44th Precinct, in November 2013, Perez was assigned to the 49th Precinct, located at 2121 Eastchester Road, Bronx, New York, as a police officer.

22.     Over the course of the following three years, Perez had various assignments in the precinct, including patrol, housing conditions, and anti-crime.

23.     In or around July 1996, defendant Walton began his employment with the NYPD and CITY as a police officer.

24.     In or around the Spring of 2015, Walton, then a Captain, was transferred to the 49th Precinct where he became the commanding officer of the 49th Precinct.

25.     As the highest-ranking officer at the 49th Precinct, Walton was Perez's supervisor.

26.     On or about November 1, 2016, the NYPD promoted Walton to the rank of Deputy Inspector.

27.     Perez attended Walton's promotional ceremony.  She admired and respected Walton, for among other things, being one of the few high-ranking African American officers in the NYPD that she had encountered.

## The Incident

28.     On November 5, 2016, Walton sent Perez a text message asking if she would be willing to join himself and other officers from the precinct at a church service in the neighborhood.

29.     Perez agreed, as she had attended similar community events in the past.

30.     On November 6, 2016, even though it was one of her off days, Perez reported to the Precinct to join Walton and other officers from her Precinct at the church service.  Perez went to the woman's locker room where she changed into her uniform.

31.     When she came down from the locker room, she found that the van that took most of the officers from the precinct had already left for the church.

32.     Instead she drove in Walton's personal vehicle, along with Walton and two other officers, to the church.

33.     During the service, Walton spoke to the congregation and complimented Perez for making a recent gun arrest.

34.     Following the service, Perez rode back to the precinct in Walton's personal vehicle with Walton and the other two officers.

35.     Upon arriving back at the precinct, Perez went back to the women's locker room to change back into her street clothes.

36.     While she was getting changed, Perez received a text message from Walton that said "dressed?" Perez didn't understand what Walton meant by the text, so she replied back, in sum and substance, "do you need to speak with me?"

37.     Walton replied that he wanted to speak with her and instructed Perez to come to his office.

38.     Perez finished getting changed and when she walked out of the locker room she ran into Walton. Walton told Perez to follow him, so she followed him down the stairs, and down the hall into his office.

39.     When they stepped into his office, Walton closed the door behind them, and told Perez in sum and substance to "relax" and told her to put her bags down.  There was no one else inside the office.

40.     Perez put her bags down and when she stood up, Walton was directly in front of her.  Walton then grabbed her by her hair, pushed her head towards his, and tried to kiss her. Walton also tried to push her body towards his body.

41.     Perez was shocked, and stated "What are you doing? This is crazy. You need to stop." Walton did not stop.

42.     Perez tried to move away from him but Walton did not let go of her.  Perez tried to push him off of her but was unsuccessful.

43.     In this immediate timeframe, Perez told Walton to stop twice.  Walton did not stop.

44.     Walton forcibly put his lips on Perez's lips momentarily, as Perez tried to move her head away.

45.     Walton then grabbed Perez's shoulders and spun her around so her back was facing his chest. His hands were now on her waist and hips.  Walton's hands then moved to Perez's inner thigh by her vaginal area.  Perez tried to push Walton's hands away and told him to stop several times.

46.     Walton then spun Perez back around, so that they were face-to-face, grabbed her by the jacket collar, pulled her towards him and said, "Don't fuck with me."  Perez was frozen.

47.     Walton then spun Perez around again, and forcibly moved his hand up her inner thigh into her vaginal area. Perez tried to push Walton's hand away but was unable to stop him from touching her vagina over her pants.

48.     Suddenly, there was a knock at the door.  Walton pushed Perez away, went towards the door, and opened it halfway.  Perez was able to see that the person at the door was Youth Officer Andino.  Perez was frozen, stunned, and unable to yell for help.

49.     Walton quickly dismissed Officer Andino and then closed the door.

50.   Perez went to pick up her bags and try to leave, and Walton said, "Where the fuck do you think you're going." Walton then grabbed Perez's bags from her hands and threw them at the couch.

51.   Walton then said, "I'm leaving soon." Perez replied, "This is crazy. I don't understand why you are doing this. You really need to stop." Walton then said, "Go ahead. Leave. Grab your shit and leave."

52.   Perez then grabbed her bags and attempted to leave, but Walton grabbed Perez's right hand and put it on his penis, which was erect.

53.   Perez pulled her hand away, at which point Walton again grabbed her vagina through her pants and shook it.

54.   Perez then walked out of Walton's office, left the Precinct and went home.

55.   The following morning, Perez reported the incident to her supervisor, Sergeant Brooks.

56.   Prior and subsequent to this incident, Walton sent improper electronic messages to Perez designed to intimidate, harass, embarrass, coerce, annoy and emotionally distress her.

57.   Subsequently, Walton was investigated by the Internal Affairs Bureau of the NYPD, then later, arrested, indicted and charged by the Bronx County District Attorney's Office with, among other things, felony sex abuse.  As of the date of this complaint, the criminal case is still pending.

58.   All of the above conduct was unwelcomed.

59.   All of the above conduct was severe or pervasive.

60.   All of the above conduct altered the conditions of Perez's employment and created a hostile work environment.

61.   Defendants did not have a sexual harassment policy that was provided to Perez.

62.   As a result of the hostile work environment, Perez was forced to transfer to a different department within the NYPD.

63.   By reason of the foregoing, defendants discriminated against Perez based on her gender.

64.    Defendants acted intentionally, willfully, and with malice and/or reckless indifference to Perez's protected rights.

65.    Walton breached his duty to provide Perez with a safe place to work, unreasonably endangered her physical safety, and caused her to fear for her own safety.

66.    Walton violated the New York State Penal Law, including but not limited to, Sections 130.65(1), 130.52(1), 195.00(1), 130.55, and 240.26(1).

67.    Walton assaulted, battered, falsely imprisoned, and inflicted emotional distress on PEREZ while on the premises owned, operated, managed, maintained and supervised by the CITY and NYPD.

68.    Walton was negligent, and otherwise committed acts of gross negligence and negligent infliction of emotional distress.

69.    Walton intentionally made bodily contact with Perez that was offensive in nature.  Walton's conduct placed Perez in imminent apprehension of harmful conduct.

70.    Walton intended or otherwise disregarded the substantial likelihood that his extreme and outrageous conduct would, and in fact did, cause Perez severe emotional distress.

71.    Walton intended to confine Perez, Perez was conscious of the confinement, Perez did not consent to the confinement, and the confinement was not otherwise privileged.

72.    WALTON committed the aforesaid acts within the scope of his employment with the CITY and NYPD.

73.    CITY and NYPD are liable pursuant to respondeat superior.

74.    CITY and NYPD failed to provide Perez a safe place to work.

75.    The CITY and NYPD were negligent in the hiring, retention, training, and supervision of Walton.

76.     CITY and NYPD knew or should have known of Walton's propensity to inappropriately touch, harass, threaten, and coerce other police officers within the CITY and NYPD within the course of his employment.

77.     CITY and NYPD had actual and/or constructive notice of the aforesaid conditions, activities, behaviors, and propensities.

78.     CITY and NYPD negligently permitted and continued to employ Walton in a supervisory position despite having knowledge of the aforesaid inappropriate and unlawful conduct.

79.     The negligent failure of CITY and NYPD to reassign, discipline or terminate Walton or otherwise fail to protect Perez was the proximate cause of her injuries.

80.     All of the aforesaid was the proximate cause of the injuries and losses sustained by Perez.

81.     As a result of the aforesaid, Perez sustained injuries and losses.

### FIRST CAUSE OF ACTION

**GENDER DISCRIMINATION AND HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000e et seq. AGAINST DEFENDANTS CITY AND NYPD**

82.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

83.     Defendants' disparate and discriminatory treatment of Perez on the basis of her gender and subjecting Perez to a sexually hostile work environment was in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII").

84. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of Title VII, Perez suffered, and continues to suffer, monetary and/or economic harm including, but not limited to, loss of future income, compensation and benefits for which she is entitled to an award of compensatory damages and attorneys' fees.

85. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of Title VII, Perez suffered, and continues to suffer, emotional distress for which she is entitled to an award of compensatory damages and attorneys' fees.

86. Defendants' unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Perez under Title VII for which Perez is entitled to an award of punitive damages and attorneys' fees.

87. By reason of the foregoing, Perez seeks compensatory damages, punitive damages, attorneys' fees, the costs of this action, as well as other damages.

## SECOND CAUSE OF ACTION

### RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000e et seq. AGAINST DEFENDANTS CITY AND NYPD

88. Plaintiff repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

89. Defendants' retaliatory conduct against Perez was in violation of Title VII.

90. As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of Title VII, Perez suffered, and continues to suffer, monetary and/or economic harm, including, but not limited to, loss of future income, compensation and benefits for which she is entitled to an award of damages and attorneys' fees.

91. As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of Title VII, Perez suffered, and continues to suffer, emotional distress for which she is entitled to an award of compensatory damages and attorneys' fees.

92. Defendants' unlawful and retaliatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Perez under Title VII for which Plaintiff is entitled to an award of punitive damages and attorneys' fees.

93. By reason of the foregoing, Perez seeks compensatory damages, punitive damages, attorneys' fees, the costs of this action, as well as other damages.

## THIRD CAUSE OF ACTION

### GENDER DISCRIMINATION AND HOSTILE WORK ENVIRONMENT IN VIOLATION OF NEW YORK CITY ADMINISTRATIVE CODE 8-107, et seq. AGAINST DEFENDANTS CITY AND NYPD

94. Plaintiff repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

95. Defendants' disparate and discriminatory treatment of Perez on the basis of her gender and subjecting Perez to a sexually hostile work environment was in violation of the New York City Human Rights Law, New York City Administrative Code 8-107, *et seq* and all other applicable provisions of the New York City Human Rights Law ("NYCHRL").

96. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of NYCHRL, Perez suffered, and continues to suffer, monetary and/or economic harm for which she is entitled to an award of damages and attorneys' fees.

97. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of NYCHRL, Perez suffered, and continues to suffer, emotional distress for which she is entitled to an award of compensatory damages and attorneys' fees.

98. Defendants' unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Perez under NYCHRL for which Perez is entitled to an award of punitive damages and attorneys' fees.

99. By reason of the foregoing, Perez seeks compensatory damages, punitive damages, attorneys' fees, the costs of this action, as well as other damages.

## FOURTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF NEW YORK CITY ADMINISTRATIVE CODE 8-107, et seq. AGAINST DEFENDANTS CITY AND NYPD

100.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

101.     Defendants' retaliatory conduct against Perez was in violation of the New York City Human Rights Law, New York City Administrative Code 8-107, *et seq* and all other applicable provisions of the New York City Human Rights Law ("NYCHRL").

102.     As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of NYCHRL, Perez suffered, and continues to suffer, monetary and/or economic harm, including, but not limited to, loss of future income, compensation and benefits for which she is entitled to an award of damages and attorneys' fees.

103.     As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of NYCHRL, Perez suffered, and continues to suffer, emotional distress for which she is entitled to an award of compensatory damages and attorneys' fees.

104.     Defendants' unlawful and retaliatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff under NYCHRL for which Plaintiff is entitled to an award of punitive damages and attorneys' fees.

105.     By reason of the foregoing, Perez seeks compensatory damages in an amount that exceeds the jurisdictional limits of all lower courts, punitive damages, attorneys' fees, the costs of this action, as well as other damages.

**FIFTH CAUSE OF ACTION**

**GENDER DISCRIMINATION AND HOSTILE WORK ENVIRONMENT IN VIOLATION OF NEW YORK STATE EXECUTIVE LAW § 290 et seq. AGAINST DEFENDANTS CITY AND NYPD**

106.     Perez repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

107.     Defendants discriminated against Perez on the basis of her gender and subjected Perez to a sexually hostile work environment in violation of New York State Executive Law § 290 *et seq.*, also known as New York State Human Rights Law ("NYSHRL").

108.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of NYSHRL, Perez suffered, and continues to suffer, monetary and/or economic harm for which she is entitled to an award of damages and attorneys' fees.

109.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of NYSHRL, Perez suffered, and continues to suffer, emotional distress for which she is entitled to an award of compensatory damages and attorneys' fees.

110.     By reason of the foregoing, Perez seeks compensatory damages, attorneys' fees, the costs of this action, as well as other damages.

**SIXTH CAUSE OF ACTION**

**GENDER DISCRIMINATION AND HOSTILE WORK ENVIRONMENT IN VIOLATION OF NEW YORK STATE EXECUTIVE LAW § 290 et seq. AGAINST DEFENDANTS CITY AND NYPD**

111.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

112.     By the actions described above, among others, Defendants have retaliated against Perez on the basis of her protected activities in violation of the NYSHRL.

113.     As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of NYSHRL, Perez suffered, and continues to suffer, monetary and/or economic harm, including, but not limited to, loss of future income, compensation and benefits for which she is entitled to an award of damages and attorneys' fees.

114.     As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of NYSHRL, Perez suffered, and continues to suffer, emotional distress for which she is entitled to an award of compensatory damages and attorneys' fees.

115.     By reason of the foregoing, Perez seeks compensatory damages, attorneys' fees, the costs of this action, as well as other damages.

## SEVENTH CAUSE OF ACTION

### NEGLIGENT HIRING, SUPERVISION, AND RETENTION AGAINST DEFENDANTS CITY AND NYPD

116.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

117.     Based on the foregoing, Defendants CITY and NYPD were negligent in the hiring, retention, training, and supervision of Walton.

118.     As a direct and proximate result of Defendants' negligence, Perez suffered, and continues to suffer, monetary and/or economic harm for which she is entitled to an award of damages and attorneys' fees.

119.     As a direct and proximate result of Defendants' negligence, Perez suffered, and continues to suffer, emotional distress for which she is entitled to an award of compensatory damages and attorneys' fees, and it is further entitled to punitive damages against the defendants in an amount to be fixed by a jury.

## EIGHTH CAUSE OF ACTION

## DEPRIVATION OF RIGHTS UNDER 42 U.S.C. 1983

120.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

121.     All of the aforementioned acts of defendants Walton, CITY, and NYPD and their agents, servants, and employees were carried out under the color of state law.

122.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipal/authority, which is forbidden by the Constitution of the United States of America.

123.     All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendment to the Constitution of the United States of America, and in violation of 42 U.S.C.1983.

124.     The acts complained of were carried out by the aforementioned defendants in their capacities as police officers with actual and/or apparent authority attendant thereto.

125.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the defendant CITY and NYPD, all under the supervision of ranking officers of said department.

126.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipal/authority, which is forbidden by the Constitution of the United States of America.

127.     As a direct and proximate result of the acts complained of, Perez suffered, and continues to suffer, monetary and/or economic harm for which she is entitled to an award of damages and attorneys' fees.

128.     As a direct and proximate result of the acts complained of, Perez suffered, and continues to suffer, emotional distress for which she is entitled to an award of compensatory damages and attorneys' fees, and it is further entitled to punitive damages against the defendants in an amount to be fixed by a jury.

## NINTH CAUSE OF ACTION

### LIABILITY FOR HIRING, SUPERVISION AND RETENTION UNDER 42 U.S.C. 1983

129.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

130.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipal agency/authority, which is forbidden by the Constitution of the United States.

131.     The aforementioned customs, policies, usages, practices, procedures and rules of defendants CITY and NYPD included, but were not limited to, a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff's rights as described herein.

132.     As a result of the failure of defendants NYPD and CITY to properly recruit, screen, train, discipline, and supervise its officers, including defendant Walton, defendants CITY and NYPD has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

133.     The foregoing customs, policies, usages, practices, procedures and rules of defendants NYPD and CITY constitute deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

134.     The foregoing customs, policies, usages, practices, procedures and rules of defendants NYPD and CITY were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

135.     The foregoing customs, policies, usages, practices, procedures and rules of defendants NYPD and CITY were the moving force behind the constitutional violations suffered by the plaintiff herein.

136.     All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right to be free from sexual assault, battery, and unlawful imprisonment.

137.     As a direct and proximate result of the acts complained of, Perez suffered, and continues to suffer, monetary and/or economic harm for which she is entitled to an award of damages and attorneys' fees.

138.     As a direct and proximate result of the acts complained of, Perez suffered, and continues to suffer, emotional distress for which she is entitled to an award of compensatory damages and attorneys' fees, and it is further entitled to punitive damages against the defendants in an amount to be fixed by a jury.

## TENTH CAUSE OF ACTION

### BATTERY

139.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

140.     Based on the foregoing, all Defendants are liable to Perez for battery.

141.     By reason of the aforesaid, Plaintiff has been damaged and seeks all damages to which she is entitled in an amount that exceeds the jurisdictional limits of all lower courts, including punitive damages and attorneys' fees.

## ELEVENTH CAUSE OF ACTION

### ASSAULT

142.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

143.    Based on the foregoing, all Defendants are liable to Perez for assault.

144.    By reason of the aforesaid, Plaintiff has been damaged and seeks all damages to which she is entitled in an amount that exceeds the jurisdictional limits of all lower courts, including punitive damages and attorneys' fees.

## TWELTH CAUSE OF ACTION

### FALSE IMPRISONMENT

145.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

146.    Based on the foregoing, all Defendants are liable to Perez for false imprisonment.

147.    By reason of the aforesaid, Plaintiff has been damaged and seeks all damages to which she is entitled in an amount that exceeds the jurisdictional limits of all lower courts, including punitive damages and attorneys' fees.

## THIRTEENTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

148.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

149.    Based on the foregoing, all Defendants are liable to Perez for intentional infliction of emotional distress.

150.     By reason of the aforesaid, Plaintiff has been damaged and seeks all damages to which she is entitled in an amount that exceeds the jurisdictional limits of all lower courts, including punitive damages and attorneys' fees.

## FOURTEENTH CAUSE OF ACTION

### PUNITIVE DAMAGES

151.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

152.     By reason of the foregoing, plaintiffs are entitled to punitive damages against the defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of the action.

**WHEREFORE**, Plaintiff demands judgment and pray for the following relief, jointly and severally, against the defendants: full and fair compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; reasonable attorneys' fees and the costs and disbursements of the action; and such other and further relief as appears just and proper.

Dated: Woodbury, New York
      October 17, 2018

Yours, etc.,

Joseph Donnelly IV (JD 4622)
**SALENGER, SACK,**
**KIMMEL & BAVARO, LLP**
*Attorneys for Plaintiff*
180 Froehlich Farm Boulevard
Woodbury, New York 11797
(516) 677-0100