**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------x

**MARILYN PEREZ,**

**Plaintiff,**

**-against-**

**THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, and DEPUTY INSPECTOR KEITH WALTON,**

**Defendants.**

---------------------------------------------------------------------------x

**DEFENDANT DEPUTY INSPECTOR KEITH WALTON'S ANSWER TO PLAINTIFFS' COMPLAINT**

**Civil Action No.: 18-CV-09532 (VEC)**

Defendant, DEPUTY INSPECTOR KEITH WALTON (hereinafter referred to as "Walton") by his attorneys, La Pietra & Krieger, P.C., answering the Summons and Complaint in the above entitled action, states upon information and belief:

## ANSWER

1. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "1" of the complaint.

2. Admits the allegations set forth in paragraph "2" of the complaint.

3. Admits the allegations set forth in paragraph "3" of the complaint.

4. Admits the allegations set forth in paragraph "4" of the complaint.

5. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "5" of the complaint.

6. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "6" of the complaint.

7. Admits the allegations set forth in paragraph "7" of the complaint.

8. Admits the allegations set forth in paragraph "8" of the complaint.

9. Denies the allegations set forth in paragraph "9" of the complaint..

10. Denies the allegations set forth in paragraph "10" of the complaint.

11. Denies the allegations set forth in paragraph "11" of the complaint.

12. Denies the allegations set forth in paragraph "12" of the complaint

13. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "13" of the complaint and respectfully refers all questions of law to the Court.

14. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "14" of the complaint and respectfully refers all questions of law to the Court.

15. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "15" of the complaint.

16. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "16" of the complaint.

17. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "17" of the complaint.

18. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "18" of the complaint and respectfully refers all questions of law to the Court.

19. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "19" of the complaint and respectfully refers all questions of law to the Court.

20. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "20" of the complaint.

21. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "21" of the complaint.

22. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "22" of the complaint.

23. Admits the allegations set forth in paragraph "23" of the complaint.

24. Admits the allegations set forth in paragraph "24" of the complaint.

25. Admits the allegations set forth in paragraph "25" of the complaint.

26. Admits the allegations set forth in paragraph "26" of the complaint.

27. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "27" of the complaint.

28. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "28" of the complaint.

29. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "29" of the complaint.

30. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "30" of the complaint.

31. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "31" of the complaint.

32. Denies having knowledge or information sufficient to form a belief as to the allegations set

forth in paragraph "32" of the complaint.

33. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "33" of the complaint.

34. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "34" of the complaint.

35. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "35" of the complaint.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. Denies the allegations set forth in paragraph "47" of the complaint.

48. Denies the allegations set forth in paragraph "48" of the complaint.

49. Denies the allegations set forth in paragraph "49" of the complaint.

50. Denies the allegations set forth in paragraph "50" of the complaint.

51. Denies the allegations set forth in paragraph "51" of the complaint.

52. Denies the allegations set forth in paragraph "52" of the complaint.

53. Denies the allegations set forth in paragraph "53" of the complaint.

54. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "54" of the complaint.

55. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "55" of the complaint.

56. Denies the allegations set forth in paragraph "56" of the complaint.

57. Admits the allegations set forth in paragraph "57" of the complaint except affirmatively

states that Walton was acquitted on all counts following a Jury Trial in Bronx County on October 22, 2018.

58. Denies the allegations set forth in paragraph "58" of the complaint.

59. Denies the allegations set forth in paragraph "59" of the complaint.

60. Denies the allegations set forth in paragraph "60" of the complaint.

61. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "61" of the complaint.

62. Denies the allegations set forth in paragraph "62" of the complaint.

63. Denies the allegations set forth in paragraph "63" of the complaint.

64. Denies the allegations set forth in paragraph "64" of the complaint.

65. Denies the allegations set forth in paragraph "65" of the complaint.

66. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "66" of the complaint and respectfully refers all questions of law to the Court.

67. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "67" of the complaint and respectfully refers all questions of law to the Court.

68. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "68" of the complaint and respectfully refers all questions of law to the Court.

69. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "69" of the complaint and respectfully refers all questions of law to the Court.

70. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "70" of the complaint and respectfully refers all questions of law to the Court.

71. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "71" of the complaint and respectfully refers all questions of law to the Court.

72. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "72" of the complaint and respectfully refers all questions of law to the Court.

73. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "73" of the complaint and respectfully refers all questions of law to the Court.

74. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "74" of the complaint and respectfully refers all questions of law to the Court.

75. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "75" of the complaint and respectfully refers all questions of law to the Court.

76. Denies the allegations set forth in paragraph "76" of the complaint.

77. Denies the allegations set forth in paragraph "77" of the complaint.

78. Denies the allegations set forth in paragraph "78" of the complaint.

79. Denies the allegations set forth in paragraph "79" of the complaint.

80. Denies the allegations set forth in paragraph "80" of the complaint.

81. Denies the allegations set forth in paragraph "81" of the complaint.

**AS AND FOR AN ANSWER TO**
**PLAINTIFFS' FIRST CAUSE OF ACTION**

82. With respect to paragraph "82" of the complaint, Walton repeats and realleges his responses to all preceding paragraphs as if fully set forth herein.

83. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "83" of the complaint and respectfully refers all questions of law to the Court.

84. Denies the allegations set forth in paragraph "84" of the complaint.

85. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "85" of the complaint and respectfully refers all questions of law to the Court.

86. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "86" of the complaint and respectfully refers all questions of law to the Court.

87. Denies the allegations set forth in paragraph "87" of the complaint.

**AS AND FOR AN ANSWER TO**
**PLAINTIFFS' SECOND CAUSE OF ACTION**

88. With respect to paragraph "88" of the complaint, Walton repeats and realleges his responses to all preceding paragraphs as if fully set forth herein.

89. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "89" of the complaint and respectfully refers all questions of law to the Court.

90. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "90" of the complaint and respectfully refers all questions of law to the Court.

91. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "91" of the complaint and respectfully refers all questions of law to the Court.

92. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "92" of the complaint and respectfully refers all questions of law to the Court.

93. Denies the allegations set forth in paragraph "93" of the complaint.

**AS AND FOR AN ANSWER TO**

**PLAINTIFFS' THIRD CAUSE OF ACTION**

94. With respect to paragraph "94" of the complaint, Walton repeats and realleges his responses to all preceding paragraphs as if fully set forth herein. .

95. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "95" of the complaint and respectfully refers all questions of law to the Court.

96. Denies the allegations set forth in paragraph "96" of the complaint.

97. Denies the allegations set forth in paragraph "97" of the complaint.

98. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "98" of the complaint and respectfully refers all questions of law to the Court.

99. Denies the allegations set forth in paragraph "99" of the complaint.

**AS AND FOR AN ANSWER TO**

**PLAINTIFFS' FOURTH CAUSE OF ACTION**

100. With respect to paragraph "100" of the complaint, Walton repeats and realleges his responses to all preceding paragraphs as if fully set forth herein.

101. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "101" of the complaint and respectfully refers all questions of law to the Court.

102. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "102" of the complaint and respectfully refers all questions of law to the Court.

103. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "103" of the complaint and respectfully refers all questions of law to the Court.

104. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "104" of the complaint and respectfully refers all questions of law to the Court.

105. Denies the allegations set forth in paragraph "105" of the complaint.

**AS AND FOR AN ANSWER TO**

**PLAINTIFFS' FIFTH CAUSE OF ACTION**

106. With respect to paragraph "106" of the complaint, Walton repeats and realleges his responses to all preceding paragraphs as if fully set forth herein.

107. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "107" of the complaint and respectfully refers all questions of law to the Court.

108. Denies having knowledge or information sufficient to form a belief as to the allegations set

forth in paragraph "108" of the complaint and respectfully refers all questions of law to the Court.

109. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "109" of the complaint and respectfully refers all questions of law to the Court.

110. Denies the allegations set forth in paragraph "110" of the complaint.

**AS AND FOR AN ANSWER TO**
**PLAINTIFFS' SIXTH CAUSE OF ACTION**

111. With respect to paragraph "111" of the complaint, Walton repeats and realleges his responses to all preceding paragraphs as if fully set forth herein.

112. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "112" of the complaint and respectfully refers all questions of law to the Court.

113. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "113" of the complaint and respectfully refers all questions of law to the Court.

114. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "114" of the complaint and respectfully refers all questions of law to the Court.

115. Denies the allegations set forth in paragraph "115" of the complaint.

**AS AND FOR AN ANSWER TO**
**PLAINTIFFS' SEVENTH CAUSE OF ACTION**

116. With respect to paragraph "116" of the complaint, Walton repeats and realleges his responses to all preceding paragraphs as if fully set forth herein.

117. Denies the allegations set forth in paragraph "117" of the complaint.

118. Denies the allegations set forth in paragraph "118" of the complaint.

119. Denies the allegations set forth in paragraph "119" of the complaint.

**AS AND FOR AN ANSWER TO**
**PLAINTIFFS' EIGHTH CAUSE OF ACTION**

120. With respect to paragraph "120" of the complaint, Walton repeats and realleges his responses to all preceding paragraphs as if fully set forth herein.

121. Denies the allegations set forth in paragraph "121" of the complaint.

122. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "122" of the complaint and respectfully refers all questions of law to the Court.

123. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "123" of the complaint and respectfully refers all questions of law to the Court.

124. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "124" of the complaint and respectfully refers all questions of law to the Court.

125. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "125" of the complaint and respectfully refers all questions of law to the Court.

126. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "126" of the complaint and respectfully refers all questions of law to the Court.

127. Denies the allegations set forth in paragraph "127" of the complaint.

128. Denies the allegations set forth in paragraph "128" of the complaint.

**AS AND FOR AN ANSWER TO**

**PLAINTIFFS' NINTH CAUSE OF ACTION**

129. With respect to paragraph "129" of the complaint, Walton repeats and realleges his responses to all preceding paragraphs as if fully set forth herein.

130. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "130" of the complaint and respectfully refers all questions of law to the Court.

131. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "131" of the complaint.

132. Denies the allegations set forth in paragraph "132" of the complaint.

133. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "133" of the complaint.

134. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "134" of the complaint and respectfully refers all questions of law to the Court.

135. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "135" of the complaint and respectfully refers all questions of law to the Court.

136. Denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "136" of the complaint and respectfully refers all questions of law to the Court.

137. Denies the allegations set forth in paragraph "137" of the complaint.

138. Denies the allegations set forth in paragraph "138" of the complaint.

**AS AND FOR AN ANSWER TO**

**PLAINTIFFS' TENTH CAUSE OF ACTION**

139. With respect to paragraph "139" of the complaint, Walton repeats and realleges his responses to all preceding paragraphs as if fully set forth herein.

140. Denies the allegations set forth in paragraph "140" of the complaint.

141. Denies the allegations set forth in paragraph "141" of the complaint.

**AS AND FOR AN ANSWER TO**
**PLAINTIFFS' ELEVENTH CAUSE OF ACTION**

142. With respect to paragraph "142" of the complaint, Walton repeats and realleges his responses to all preceding paragraphs as if fully set forth herein.

143. Denies the allegations set forth in paragraph "143" of the complaint.

144. Denies the allegations set forth in paragraph "144" of the complaint.

**AS AND FOR AN ANSWER TO**
**PLAINTIFFS' TWELFTH CAUSE OF ACTION**

145. With respect to paragraph "145" of the complaint, Walton repeats and realleges his responses to all preceding paragraphs as if fully set forth herein.

146. Denies the allegations set forth in paragraph "146" of the complaint.

147. Denies the allegations set forth in paragraph "147" of the complaint.

**AS AND FOR AN ANSWER TO**
**PLAINTIFFS' THIRTEENTH CAUSE OF ACTION**

148. With respect to paragraph "148" of the complaint, Walton repeats and realleges his responses to all preceding paragraphs as if fully set forth herein.

149. Denies the allegations set forth in paragraph "149" of the complaint.

150. Denies the allegations set forth in paragraph "150" of the complaint.

**AS AND FOR AN ANSWER TO**
**PLAINTIFFS' FOURTEENTH CAUSE OF ACTION**

151. With respect to paragraph "151" of the complaint, Walton repeats and realleges his responses to all preceding paragraphs as if fully set forth herein.

152. Denies the allegations set forth in paragraph "152" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

153. The complaint is based upon fraud, deceit and misrepresentations by the plaintiff.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

154. Plaintiff has committed wrongdoings and she is attempting to benefit from this wrongdoing in this lawsuit.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

155. The complaint fails to state a claim against Walton, both in his official and individual capacities upon which relief can be granted.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

156. The alleged incident and damages, if any, alleged to have been sustained by the plaintiff on the occasion(s) mentioned in the complaint were wholly or in part caused by the culpable conduct of the Plaintiff.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

157. The alleged incident and damages, if any, alleged to have been sustained by the plaintiff on the occasion(s) mentioned in the complaint, were wholly, or in part, caused by plaintiff's own contributory negligence.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

158. The alleged incident and damages, if any, alleged to have been sustained by the plaintiff on the occasion(s) mentioned in the complaint were wholly, or in part, caused by plaintiff's failure to mitigate her own damages.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

159. If it is determined that Walton was acting under the color of law, then his actions as a sworn police officer of the defendant, City of New York, were justified and were done in good faith, in that Walton reasonably believed he was exercising and acting within his statutory and constitutional powers.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**

160. If it is determined that Walton was acting under the color of law, then Walton acted reasonably and in good faith in discharging his official duties and responsibilities, and as such Walton is entitled to qualified immunity.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

161. Plaintiff's complaint fails to set forth facts sufficient to constitute deprivation of any constitutional rights or other basis for a civil rights claim.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

162. All Causes of Action alleged in plaintiffs' complaint are barred by the applicable statute of limitations.

**AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE**

163. Upon information and belief, the injuries or damages alleged in the complaint were or may have been caused in whole or in part by parties now or hereafter to be named as co-defendants or third-party defendants and accordingly the liability of the answering Walton is, or may be limited by the provisions of Article 16 of the CPLR.

**AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE**

164. That any sums of consideration paid or promised to Plaintiff by any person(s) or corporation(s) claimed to be liable for the injuries or damages alleged in the complaint shall reduce any judgment rendered in favor of plaintiff as against Walton to the extent of the greater of either the sums or consideration paid or promised to Plaintiff or the amount of the released tortfeasor's (s') equitable share(s) of the damages in accordance with General Obligation Law §15-108, et. seq.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

165. Any award for recovery of the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings, or other economic loss claimed by the plaintiffs shall be reduced to the extent that any such cost or expense was or will with reasonable certainty be replaced or indemnified from any collateral source pursuant to NY CPLR §4545.

**WHEREFORE**, Defendant Walton respectfully demands judgment against the Plaintiffs as follows:

(a) Dismissing the Plaintiffs' complaint in its entirety;

(b) Granting Defendant Walton costs, disbursements, expenses of the action, reasonable attorneys fees, and such other and further relief as this Court deems just and proper.

Dated: White Plains, New York
January 14, 2019

La Pietra & Krieger, P.C.
*Attorneys for Defendant*
*DEPUTY INSPECTOR KEITH WALTON*

By: ______________________________

Louis C. La Pietra (LL 6978)
30 Glenn Street, Suite 105
White Plains, NY 10603
(p) (914) 684-6000
(f) (914) 287-6460

e-mail: lou@lapietrakrieger.com

via ECF TO: Joseph Donnelly IV, Esq. (JD 4622)
Salenger, Sack, Kimmel & Bavaro, LLP
*Attorneys for Plaintiff –*
*MARILYN PEREZ*
180 Froehlich Farm Boulevard
Woodbury, NY 11797
(p) (516) 677-0100
e-mail: jdonnelly@sskblaw.com

Civil Action No.: 18-CV-09532 (VEC)
**United States District Court**
**Southern District of New York**

---

MARILYN PEREZ,

Plaintiff,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, and DEPUTY INSPECTOR KEITH WALTON,

Defendants.

---

## Defendant Deputy Inspector Keith Walton's Answer to Plaintiff's Complaint

**La Pietra & Krieger, P.C.**
*Attorneys for Defendant*
*DEPUTY INSPECTOR KEITH WALTON*
30 Glenn Street Suite 105
White Plains, NY 10603
(p) (914) 684-6000
(f) (914) 287-6460

*Pursuant to 22NYCRR 130-1-1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.*

*Dated: January 14, 2019*

*Signature:* ______________
*Print Signer's Name:* Louis C. La Pietra

**PLEASE TAKE NOTICE**

[ ] NOTICE OF ENTRY — *that the within is a (certified) true copy of a*

[ ] NOTICE OF SETTLEMENT — *that an Order of which the within is a true copy will be presented for settlement to the*

**LA PIETRA & KRIEGER, P.C.**
***Attorneys for Defendant –***
***DEPUTY INSPECTOR KEITH WALTON***
30 Glenn Street, Suite 105
White Plains, NY 10603

To: Hon. Valerie E. Camproni
Presiding Justice

Joseph Donnelly IV (JD 4622)
SALENGER, SACK, KIMMEL & BAVARO, LLP
*Attorneys for Plaintiff –*
*New YorkMARILYN PEREZ*